## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| NORMA VAZQUEZ, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:16-cv-00220-WCO |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| BRAND VENTURES, INC., a California Corporation, | ) ) ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Norma Vazquez ("Plaintiff") brings this Class Action Complaint against Defendant Brand Ventures, Inc. ("Brand Ventures") on behalf of herself and all others similarly situated, and complains and alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## I.    NATURE OF THE ACTION

1.    Brand Ventures is a company that "work[s] in multiple marketing arenas including web, mobile and pay per call" and "focus[es] on building owned and operated sites that provide maximum yield for publishers while driving high intent, quality leads."[1]

---

[1] Brand Ventures, Home Page, http://brandedoffers.com (last visited Nov. 10, 2015).

2.      In an effort to market their products and services, Brand Ventures sent (or directed to be sent on its behalf) unsolicited text messages to the wireless telephones of Plaintiff and each of the members of the Class without prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

3.      Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired, or permitted Brand Ventures to send text messages to their wireless telephones.

4.      By sending such unauthorized text messages, Brand Ventures caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text messages and the monies paid to their wireless carriers for the receipt of such messages.

5.      In order to redress these injuries, Plaintiff seeks an injunction requiring Brand Ventures to cease all unsolicited text message activities, an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

## II.      <u>JURISDICTION AND VENUE</u>

*Subject Matter Jurisdiction*

6.      This Court has original jurisdiction over Count I, pursuant to 28 U.S.C. § 1331, because it arises under the laws of the United States.

*Personal Jurisdiction*

7.     This Court has personal jurisdiction over Brand Ventures under the Georgia long-arm statute, O.C.G.A § 9-10-91, because Brand Ventures solicits business, provides services, and transacts business within the State of Georgia.  This Court also has personal jurisdiction over Brand Ventures because a substantial portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward this State.  Brand Ventures, by sending mass text messages into Georgia soliciting business, has sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible.

*Venue*

8.     Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claim occurred in this District.

### III.    PARTIES

*Plaintiff*

9.     Plaintiff is an individual domiciled in Braselton, Georgia.

*Defendant*

10.    Brand Ventures is a corporation organized in and existing under the laws of the State of California with its principal place of business located at 814 South Westgate, Suite 105, Los Angeles, California 90049.

11.     Brand Ventures maintains a registered agent at: Eresidentagent, Inc., 12121 Wilshire Boulevard, Suite 1201, Los Angeles, California 90025.

## IV.     FACTUAL BACKGROUND

### *Background on Unsolicited SMS Activity*

12.     In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

13.     One of the most prevalent alternatives is bulk advertising through so-called Short Message Services.  "Short Message Services" or "SMS" is a messaging system that allows for the transmission and receipt of short text messages (usually no more than 160 characters) to and from wireless telephones.

14.     SMS messages are directed to a wireless device using the telephone number assigned to the device.  When an SMS message is successfully made, the recipient's wireless phone rings, alerting him or her that a message is being received.  As wireless telephones are inherently mobile and are frequently carried on their owner's person, SMS messages may be received by the called party virtually anywhere in the world.

15.     According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell

phones."[2] In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone."[3]

16.    Unlike    more    conventional    advertisements,    SMS    message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service providers either for each text message they receive or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

17.    Due    to    the    growing    concern    over    unwanted    SMS    message advertisements, the Federal Communications Commission ("FCC") updated its rules on consent.

18.    As of October 16, 2013, senders of SMS message advertisements for goods or services must obtain the recipient's prior express written consent.[4]

***Defendant's Website And Brands***

19.    Brand    Ventures    maintains    the    website    http://brandedoffers.com ("Brandedoffers.com").  The following is an image of that website:

---

[2] Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text    Less    than    Teens,    Pew    Research    Center    (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx  (last  visited Jan. 11, 2015).

[3] *Id.*

[4] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order (FCC Feb. 15, 2012) (amending 47 C.F.R. 64.1200(a)(2)).



20.     On the main page of the Brandedoffers.com, Brand Ventures references "some of [its] brands", including StartMyQuote.  This is an image of of that page of Brand Ventures' website:



21.     Brand   Ventures   maintains   the   website:   www.startmyquote.com ("Startmyquote.com").

***Defendant's Unsolicited SMS Message Advertisement to Plaintiff***

22.     As part of their advertising campaign, Brand Ventures has sent and continues to send unsolicited text messages to Plaintiff's and the Class members' wireless phones without prior express written consent.

23.     On July 15, 2015, Brand Ventures transmitted the following text message to Plaintiff's wireless phone:

Norma

This site is the low cost auto insurance I mentioned to you. $22/Wk Complete Coverage

http://norma.unre.pw/dKDU

Reply stop to quit

24.     The "from" field of such transmission was identified as +1 (903) 781-1489.

25.     Upon entering http://norma.unre.pw/dKDU into an Internet browser at the time Plaintiff received the text message, Plaintiff was redirected to Brand Ventures' website www.insurancehere.org ("Insurancehere.org").

26.     Brand Ventures designs and maintains multiple websites to advertise auto insurance products and services using the same web layout and asking recipients to call the same phone number, 866-385-9341.

27.     For example, on Insureancehere.org, recipients of the text messages are invited to "[c]all 866-385-9341 to get a quote by phone . . . ."  This is an image of the Insurancehere.org website:



28.     Brand Ventures also uses the website Startmyquote.com to promote auto insurance.  This is an image of Startmyquote.com website:



29.     As this image shows, in language identical to that on its Insurancehere.org website, Brand Ventures directs visitors to "[c]all 866-385-9341 to get a quote by phone" on Startmyquote.com.

30.     Brand Ventures uses Insurancehere.org and Startmyquote.com to advertise products and services.

31.     Accordingly, Brand Ventures designed a text message campaign that would advertise products and services by directing recipients of text messages to its websites.

32.     Brand Ventures sent or transmitted, or had sent or transmitted on its behalf, the same (or substantially the same) text messages *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

33.     Brand Ventures receives a commercial benefit from the promotion, use, and sale of the services advertised on its website.

34.     Brand Ventures' messages promoted and advertised its services by sending text messages to Plaintiff and the Class members.

35.     Brand Ventures derived economic benefit from the transmission of the text messages.

36.     On information and belief, Brand Ventures sent these text messages to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

37.     Plaintiff never consented to in writing, requested, or otherwise desired or permitted Brand Ventures to send or transmit text messages to her wireless phone.

## V.   <u>CLASS ALLEGATIONS</u>

38.     Plaintiff brings this action, as set forth below, on behalf of herself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States to whom Brand Ventures, Inc. (or someone on its behalf) sent a non-emergency, unsolicited text message to the individual's wireless telephone through the use of an automatic dialing system at any time within the four years prior to the filing of the instant action (the "Class").

Excluded from the Class is Brand Ventures and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

39.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

40.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**   The members of the Class are so numerous that individual joinder of all Class members is impracticable.  On information and belief, there are thousands of consumers who have been damaged by Brand Ventures' wrongful conduct as alleged herein.  The precise number of Class members and their addresses is presently unknown to

Plaintiff but may be ascertained from Brand Ventures' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notices.

41.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**  This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

a.     Whether the equipment Brand Ventures used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

b.     The manner in which Brand Ventures compiled its list(s) of wireless telephone numbers, including Plaintiff's;

c.     Whether Brand Ventures' text messages constitute an advertisement or telemarketing within the meaning of the TCPA;

d.     Whether Brand Ventures' conduct constitutes a violation of the TCPA;

e.     Whether Plaintiff and the Class members are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

f.     Whether Plaintiff and the Class members are entitled to treble damages based on the willfulness of Brand Ventures' conduct; and

g.     Whether Plaintiff and the Class members are entitled to equitable relief, including but not limited to injunctive relief and restitution.

42.    **Typicality – Federal Rule of Civil Procedure 23(a)(3).**    Plaintiff's claim is typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

43.    **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).**    Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the other Class members she seeks to represent; she has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously.    The interests of the Class members will be fairly and adequately protected by Plaintiff and her counsel.

44.    **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).**    Brand Ventures has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

45.    **Superiority – Federal Rule of Civil Procedure 23(b)(3).**    A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered

by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Brand Ventures, so it would be impracticable for Class members to individually seek redress for Brand Ventures' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.    CLAIM ALLEGED

### COUNT I

**Violation of the TCPA, 47 U.S.C. § 227**
**(On behalf of the Class)**

46.    Plaintiff incorporates by reference paragraphs 1-45 as if fully set forth herein.

47.    Brand Ventures and/or its agents sent unsolicited commercial text messages to the wireless telephone number of Plaintiff and the other Class members *en masse* without their prior express written consent.

48.    Brand Ventures sent the text messages, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

49.    Brand Ventures utilized equipment that sent the text messages to Plaintiff and other Class members simultaneously and without human intervention.

50.    By sending the unsolicited text messages to Plaintiff and the Class, Brand Ventures has violated 47 U.S.C. § 227(b)(1)(A)(iii).  As a result of Brand Ventures' unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the unsolicited text messages on their wireless phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

51.    Should the Court determine that Brand Ventures' conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VII.    JURY DEMAND

52.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury.

## VIII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff Norma Vazquez, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A.    Certifying the Class as defined above, appointing Plaintiff Norma Vazquez as the representative of the Class, and appointing her counsel as Class Counsel;

B.    Awarding actual or statutory damages;

-14-

C.    Requiring Brand Ventures to cease all text message activities initiated without prior express written consent, and otherwise protecting the interests of the Class;

D.    Awarding reasonable attorneys' fees and costs; and

E.    Awarding such other and further relief that the Court deems reasonable and just.

Respectfully submitted this 21st day of January, 2016.


[signature on following page]

/s/ Michael A. Caplan
Michael A. Caplan
(Ga. Bar No. 601039)
*mcaplan@caplancobb.com*
T. Brandon Waddell
(Ga. Bar No. 252639)
*bwaddell@caplancobb.com*
**CAPLAN COBB LLP**
75 Fourteenth St., NE., Suite 2750
Atlanta, Georgia 30309
Tel:  (404) 596-5610
Fax: (404) 596-5604

Joseph J. Siprut (pro hac pending)
*jsiprut@siprut.com*
Ismael T. Salam (pro hac pending)
*isalam@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
Tel: (312) 236.0000
Fax: (312) 241.1260

Peter B. Bricks
(Ga. Bar No. 139706)
peter@brickslaw.com
**PETER BRICKS, P.C.**
1200 Ashwood Parkway, Suite 502
Atlanta, Georgia 30338
Tel: (770) 696-4577
Fax: (678) 791-4788

***Counsel for Plaintiff***
***and the Proposed Putative Class***

-16-